UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLOEBLINKS, LLC,

                    Plaintiff,          04-CV-6381T

        v.                             **DECISION**
                                                     **and ORDER**

REGENT SYSTEMS, INC.,

                    Defendant.

_____

     Plaintiff Gloeblinks, LLC ("Gloeblinks") brings this action against defendant Regent Systems, Inc., ("Regent") claiming that the defendant tortiously interfered with Gloeblinks' business relations with a third-party, and defamed Gloeblinks. Regent denies plaintiff's allegations, and moves to dismiss the Complaint pursuant to federal abstention principles enunciated in <u>Colorado River water Conservation District v. United States</u>, 424 U.S. 800 (1976), on grounds that there are three currently-pending actions in New York State Supreme Court between the parties in which the same issues are being litigated. In support of its argument, defendant submits selected pleadings from the State Court proceedings, which, according to Regent, demonstrate that the parties are currently engaged in litigation in State Court with respect to defendant's alleged interference with Gloeblinks business relations. Regent contends that on grounds of comity and conservation of judicial resources, this court should abstain for exercising jurisdiction over this dispute.

     Pursuant to the abstention doctrine enunciated in <u>Colorado River</u>, when determining whether or not abstention is appropriate in

a case, courts are to consider six factors including: "(1) assumption of jurisdiction over a *res*; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights." Federal Deposit Insurance Corporation v. Four Star Holding Co., 178 F.3d 101 (2nd Cir. 1999)(quoting De Cisneros v. Younger, 871 F.2d 305, 307 (2nd Cir. 1989). Abstention is warranted in only "'exceptional circumstances,'" and is "an 'extraordinary and narrow' exception to a federal court's duty to exercise its jurisdiction." Federal Deposit Ins. Corp., 178 F.3d at 101 (quotations omitted).

In the instant case, I find that abstention pursuant to Colorado River is not warranted. While not a determinative factor, I note that the plaintiff and defendant are not parties to a single state court action. Rather, Gloeblinks is a defendant in an action brought by a third party, and Regent is a defendant in a case brought by an affiliate of Gloeblinks. There is no res at issue in this action, as it involves the alleged tortious interference with contractual relations and defamation. The forum is not inconvenient, and although the subject matter of the instant case is related to the subject matter of the state court actions, the claims in this case have not been asserted in the state court proceedings, and determination of the issues in the state court proceedings are not dispositive of the allegations set forth in

this complaint. I therefore find that allowing the state and federal cases to proceed concurrently would not lead to piecemeal litigation. See Roeder v. Rogers, 206 F.Supp.2d 406, 415-416 (W.D.N.Y. 2002)(Larimer, C.J.)(allowing federal case alleging tortious interference with business relations to proceed despite fact that state cases had been "pending for some time" and "share[d] many facts in common"). While the state court cases were filed prior to the instant action, and resolution of this action will require the application of state (not federal) law, I find that these factors are insufficient to overcome the plaintiff's right to proceed in the forum of its choosing. Accordingly, because the claims raised in this action are sufficiently distinct from the claims raised in the state proceedings, and because concurrent state and federal proceedings will not result in piecemeal litigation, I deny defendant's motion to dismiss.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         October 5, 2006